**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1273
_____

EUNICE HUSBAND,
                                        Appellant

v.

A. JORDAN, Disciplinary Hearing Officer
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-13-cv-02876)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2014

Before: JORDAN, COWEN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 6, 2014)
_____

**OPINION**
_____

PER CURIAM

        Appellant Eunice Husband appeals from the District Court's denial of his habeas

petition under 28 U.S.C. § 2241.  For the following reasons, we will affirm.

        Husband is a federal inmate who filed a habeas petition challenging a disciplinary

hearing that resulted in the loss of good conduct credit and other privileges.  The hearing

involved a February 2013 incident between Husband and prison staff that resulted in Husband being charged with attempting to assault a correctional officer. In the incident report, the officer stated that he was escorting Husband to a cell when Husband "aggressively" turned toward him and attempted to get away. The officer then pushed Husband to the floor "with the least amount of force necessary." Husband continued to resist and tried to get off the floor by pushing against the officer with his legs. The officer was examined after the incident, and a medical assessment confirmed that he had been hit because he had a contusion on his chest. An investigation of the incident resulted in disciplinary proceedings against Husband, which included a disciplinary hearing.

Husband was notified of the disciplinary hearing and advised of his rights. He requested representation by a staff member and that two inmates testify on his behalf, although he indicated that he did not know what the witnesses' testimony would be. At the hearing, Husband was represented by a staff member, who stated that he had no first-hand knowledge of the incident and that Husband had made no specific requests of him prior to the hearing. Husband presented no documentary evidence, but testified that the correctional officer he was charged with attempting to assault actually attacked him, aided by other officers. The Disciplinary Hearing Officer's report indicates that the two witnesses requested by Husband testified, but does not describe their testimony. The Disciplinary Hearing Officer found that Husband committed the attempted assault. He gave greater weight to the correctional officer's statement than to Husband's testimony

2

because he found the correctional officer's statement to be "very specific," whereas there was no evidence to corroborate Husband's claim that correctional officers conspired to assault him because he refused to move into a cell with a cellmate. Instead, the Disciplinary Hearing Officer concluded that Husband's admitted refusal to accept a cellmate supported the inference that he physically resisted staff when they tried to escort him to a cell occupied by others. The Disciplinary Hearing Officer imposed sanctions of disciplinary segregation, the loss of twenty-seven days of good conduct credit, as well as the loss of other privileges. He also explained the rationale behind the sanctions. A copy of the Disciplinary Hearing Officer's report was given to Husband.

Husband filed a habeas petition in District Court challenging the proceedings. A Magistrate Judge recommended that the petition be denied because there had been no violation of Husband's procedural due process rights. Specifically, the Magistrate Judge concluded that Husband: (1) had been repeatedly notified of his rights; (2) had received advance notice of the disciplinary hearing; (3) had been given the opportunity to present witnesses and documentary evidence; and (4) had received a written decision from the Disciplinary Hearing Officer that included the reasons for the decision. As for Husband's complaint that the inmate witnesses were not permitted to testify, the Magistrate Judge noted that the hearing records indicated that the witnesses did testify. He further noted that any failure to properly document their testimony did not, per se, violate Husband's rights. The Magistrate Judge also determined that there was adequate factual support for the substantive outcome of the disciplinary hearing. Finally, the Magistrate Judge

3

concluded that Husband could not use his habeas petition to bring an excessive force claim against prison staff. The District Court adopted the Magistrate Judge's Report and Recommendation over Husband's objections and denied the habeas petition. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

On appeal, Husband's sole argument is that his procedural due process rights were violated when the inmate witnesses he requested were not allowed to testify at his disciplinary hearing.[2] It is well-established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, among the limited procedural protections that must be observed in prison disciplinary proceedings when good conduct credit is at stake is the right to call witnesses and present

---

[1] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzales v. Thaler, 132 S.Ct. 641 (2012).

[2] In fact, Husband contends that the District Court erred by addressing other issues. We perceive no error in the District Court's decision to liberally construe the pro se pleadings because it was required to do so. See, e.g., Dluhos v. Strasberg, 321 F. 3d 365, 369 (3d Cir. 2003).

4

documentary evidence.  Id. at 566.  Husband's claim that his witnesses were not allowed to testify is belied by the fact that the Disciplinary Hearing Officer's report indicates that they did, in fact, testify.  Husband has never raised anything in his briefs that calls this report into question.  Moreover, even though the substance of the witnesses' testimony is not documented, Husband has never described it, nor has he shown that the outcome of the proceedings should have been different in light of it.  Given the unsupported allegation that the witnesses were not allowed to testify, which is contradicted by the record, we agree with the District Court that Husband's due process rights were not violated.

Accordingly, we will affirm the judgment of the District Court.